Edward J. Greenfield, J.
Motion by defendant for judgment pursuant to CPLR 3211 (subd. [a], par. 2) dismissing the complaint upon the ground that this court lacks subject matter jurisdiction.
The action is one for damages for the alleged violation by defendant of its common carriers contract for the interstate carriage of goods.
Defendant alleges that this court does not have subject matter jurisdiction because the Carmack Amendment (U. S. Code, tit. 49, § 20, subd. [11]) ipre-empts such State causes of action and provides that no cause of action thereunder may be maintained against a delivering carrier in any ¡State in which it does not have tracks.
The goods in question were shipped between Hartford, Alabama and 'Salt Lake City, Utah, the defendant railroad being the delivering or terminal carrier. The defendant operates and maintains tracks only within the States of Colorado, Utah and New Mexico.
Common-law suits in the nature of breach of contract for the interstate carriage of goods have been effectively pre-empted by the Carmack Amendment (W. D. Lawson & Co. v. Penn Cent. Co., 456 F. 2d 419). As snch, suit against the defendant may be brought in a State court “ only in a State through or into which the defendant carrier operates a line of railroad ”. (U. S. Code, tit. 49, § 20, par. [11].) It has not been shown that the defendant carrier operates a line in this State. The fact that the defendant may maintain an office and personnel here is not a sufficient basis for conferring jurisdiction on this court in view of the pre-emptive nature of the Federal statute.
Accordingly, the motion to dismiss is granted.